UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAZMINE SIMMONS et al.,<br><br>Plaintiffs,<br>v.<br><br>KEYBANK NATIONAL ASSOCIATION et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02354-LK<br><br>ORDER GRANTING STIPULATED MOTION TO STAY PENDING ARBITRATION AND DENYING PARTIAL MOTION TO DISMISS |

This matter comes before the Court on the parties' stipulated partial motion to dismiss and stay remaining claims pending arbitration and notice of dismissal of putative class claims. Dkt. No. 9. The parties request that the Court stay proceedings while the parties arbitrate Plaintiff Jazmine Simmons' individual claims pursuant to the Federal Arbitration Act and "the binding arbitration agreement between the Parties." *Id.* at 1–2. The parties also notify the Court that they have agreed "that all putative class, collective, and/or representative claims asserted or that could have been asserted by Plaintiff in this action are hereby dismissed without prejudice, with each Party to bear its own attorneys' fees and costs as to such claims." *Id.* at 2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because the stay in proceedings will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice. If the parties resolve this matter through arbitration, there will be significant savings of the parties' and the Court's resources. The Court thus GRANTS the parties' motion to stay. Dkt. No. 9. All upcoming case deadlines in the Court's prior order, Dkt. No. 8, are stayed. The parties shall notify the Court of the outcome of arbitration within five days of resolution, and must provide a joint status report no later than November 22, 2026 if the case is not resolved before that date.

However, the Court DENIES the parties' stipulated partial motion to dismiss. Dkt. No. 9. "Rule 41(a)(1) . . . only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant." *ECASH Techs., Inc. v. Guagliardo*, 35 F. App'x 498, 499 (9th Cir. 2002); *see also* Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2362 (4th ed. 2026) ("It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims

against the defendant; many of these courts, but not all, have indicated that a plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15.").

Dated this 27th day of July, 2026.

Lauren King
United States District Judge